UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TANYA DEJONG,<br><br>                        Plaintiff,<br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner,<br>Social Security Administration,<br><br>                        Defendant, | CIVIL ACTION<br>NO. 4:18-cv-40163 |

## REPORT AND RECOMMENDATION

**August 23, 2019**

Hennessy, M.J.

      This matter concerns the Social Security Administration's denial of Plaintiff Tanya Dejong's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The instant matter is before the undersigned by way of initial assignment from the Clerk of Court, which serves as a referral pursuant to 28 U.S.C. § 636(b) for reports and recommendations, and all pretrial non-dispositive matters except a scheduling conference pursuant to Local Rule 16(b). See dkt. no. 2 (containing Notice of Case Assignment).

      For the reasons below, the undersigned recommends that the instant action be dismissed without prejudice for Plaintiff's failure to prosecute the matter.

I.      BACKGROUND

On September 27, 2018, Plaintiff filed this lawsuit against Defendant Nancy A. Berryhill, then-acting Commissioner of the Social Security Administration,[1] challenging the Commissioner's decision respecting the denial of Plaintiff's applications for DIB and SSI. Dkt. no. 1. That same day, this Court entered a Procedural Order (the "Procedural Order"). Dkt. no. 5. The Procedural Order directed Defendant to serve and file an answer to Plaintiff's complaint within sixty days of service of the complaint. Dkt. no. 5 § 1. Defendant was served on November 27, 2018, and timely filed and served an answer on January 24, 2019. Dkt. nos. 10, 14.

The Procedural Order further directed Plaintiff, within forty-two days of Defendant's answer, to file a motion for an order reversing the Commissioner's decision. Dkt. no. 5 § 2. Accordingly, Plaintiff had until March 7, 2019 to submit such motion.

Plaintiff has not submitted a motion for an order reversing the Commissioner's decision respecting her DIB and SSI applications. Moreover, Plaintiff has failed to comply with the Clerk of Court's multiple reminders to file a notification form indicating her consent or refusal to this matter proceeding before the undersigned. See dkt. no. 2 (reminder dated Sept. 27, 2018); dkt. no. 16 (reminder dated Jan. 30, 2019); dkt. no. 17 (reminder dated May 30, 2019). These reminders were mailed to Plaintiff at the addressed provided on Plaintiff's civil cover sheet. See dkt. no. 1-1, at p. 2. On July 2, 2017, the undersigned issued an Order directing the parties to submit separate notification forms by July 16, 2019. Dkt. no. 19. A copy of this Order was mailed to Plaintiff. To date, Plaintiff has not submitted the form.

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019. See Jim Borland, Social Security Welcomes its New Commissioner, SOCIAL SECURITY ADMINISTRATION BLOG (June 17, 2019), https://blog.ssa.gov/social-security-welcomes-its-new-commissioner/.

On August 1, 2019, the undersigned entered an Order to Show Cause, directing Plaintiff to appear for a hearing on Thursday, August 15, 2019 to explain why the undersigned should not recommend dismissal of the instant complaint for failure to prosecute. This Order was mailed to Plaintiff.

Plaintiff did not appear for the show cause hearing. During the hearing, the Deputy Clerk of the undersigned's session attempted to contact Plaintiff at the telephone number listed on Plaintiff's civil cover sheet. See dkt. no. 1-1, at p. 2. An individual answered the call and indicated that the dialed number did not belong to Tanya Dejong.

On August 15, 2019, following the show cause hearing and at the direction of the undersigned, Robert Alba of the Clerk's Office attempted to contact Plaintiff at the same telephone number. This time, the individual who answered the call identified herself as Lynn, Plaintiff's aunt. Lynn provided Mr. Alba with Plaintiff's cellular phone number. Mr. Alba placed a call to that number and reached Plaintiff's voicemail greeting. Mr. Alba left a message describing the status of Plaintiff's case and requested that Plaintiff call the Clerk's Office as soon as possible.

Since August 15, 2019, Mr. Alba has made several attempts to contact Plaintiff at the cellular phone number provided by Lynn. He has left Plaintiff multiple voicemails and invited Plaintiff to contact him at his own cellular number, so that Plaintiff could contact the Court even during non-business hours. Neither Mr. Alba nor the Clerk's Office has heard from Plaintiff.

II.   LEGAL STANDARD

"A district court's inherent powers to sanction parties for litigation abuses include the power to act sua sponte to dismiss a suit for failure to prosecute." Diaz-Santos v. Dep't of Educ. of Commonwealth of P.R., 108 F. App'x 638, 640 (1st Cir. 2004). Moreover, Federal Rule of

Civil Procedure 41(b) provides in relevant part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also <u>sua sponte</u> dismiss a complaint under Rule 41(b) for failure to comply with a court order." <u>Heather S. v. Berryhill</u>, 18-cv-00178-JAW, 2018 WL 4781169, at *1 (D. Me. Oct. 3, 2018) (Rich III, Mag. J.) (quoting <u>Unitronics (1989) (R"G) Ltd. v. Gharb</u>, 85 F. Supp. 3d 118, 126 (D.D.C. 2015)).

III.     ANALYSIS

Plaintiff's failure to show cause why her case should not be dismissed warrants the dismissal of the instant action. <u>See id.</u> (citing <u>United States v. Edmunds</u>, No. 15-cv-2705-JRT, 2016 WL 7670605, at *5 (D. Minn. Dec. 6, 2016) (Leung, Mag. J.) (concluding same). Plaintiff has failed to comply with the undersigned's Procedural Order, the Clerk of Court's three requests for submission of a consent/refusal form, the undersigned's order directing Plaintiff to file a consent/refusal form, and this Court's August 1, 2019 Order to Show Cause. Moreover, Plaintiff has not contacted the Court despite multiple attempts by Mr. Alba and the Clerk's Office to initiate communication. Lastly, none of the Clerk's Office's mailings to Plaintiff during the pendency of the instant action has been returned as undeliverable.

A separate issue remains as to whether dismissal should be with prejudice. Unless the Court directs otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits." <u>See</u> Fed. R. Civ. P. 41(b). It is the law in this circuit, however, that "dismissal of an action with prejudice is a sanction reserved for the most extreme conduct." <u>Heather S.</u>, 2018 WL 4781169, at *2 (citing <u>Vázquez-Rijos v. Anhang</u>, 654 F.3d 122, 127–28 (1st Cir. 2011)). In consideration of the nature of the instant action, the allegations in the complaint, and the lengthy

4

administrative record on file, the undersigned recommends that the Court dismiss the complaint without prejudice to preserve the possibility of its disposition on the merits at a later time.

## CONCLUSION

Accordingly, the undersigned recommends that the instant action be dismissed without prejudice, sua sponte, for Plaintiff's failure to prosecute her claims.[2]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[2] The parties are notified that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of service of this Report and Recommendation. The written objections must identify with specificity the portions of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72(b)(2). The United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See, e.g., United States v. Diaz-Rosado, 857 F.3d 89, 94 (1st Cir. 2017); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).